# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MARCIUS CRUZ,
            Plaintiff

            v.

FOX SECURITY, INC.,
            Defendant

No. 24 CV 4035

Judge Jeremy C. Daniel

## ORDER

The defendant's Motion to Dismiss [18] is denied. The defendant shall answer the plaintiff's First Amended Complaint December 2, 2024.

## STATEMENT

The plaintiff, Marcius Cruz, sues his former employer, the defendant Fox Security, Inc., ("Fox Security") under state and federal law[1] for discrimination and harassment on the basis of race and national origin. (R. 15 at ¶ 1.)[2] He also brings claims for retaliation, defamation, and defamation *per se.* (*Id.* ¶¶ 1–2). The allegations in his First Amended Complaint ("FAC") are as follows: the plaintiff is a "Caucasian, Hispanic/Latino – Puerto Rican" man who worked for Fox Security as a security officer from March 14, 2023, through February 24, 2024. (*Id.* ¶¶ 15, 18). During his time at the company, the plaintiff referred multiple Caucasian and Hispanic people to open job postings at Fox Security. (*Id.* ¶¶ 20–25.) The company did not hire the referred individuals and told several of them it was not hiring. (*Id.*) Yet, Fox Security did hire several African American applicants during this time. (*Id.*) On approximately January 29, 2024, the plaintiff's supervisor stated "[w]e don't need any outsiders messing up what we have." (*Id.* ¶ 26 (alterations in original).) When the plaintiff expressed his belief that this comment was racially motivated, his supervisor responded "[d]on't make this a racial thing." (*Id.* ¶ 27 (alterations in original).)

Approximately a month later, on February 23, 2024, the plaintiff was transferred to a new work location approximately two hours away from his house. (*Id.* ¶ 32.) He was

---

[1] The Civil Rights Act of 1964, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, and the Illinois Human Rights Act (775 ILCS 5/). The Court may exercise jurisdiction over the plaintiff's federal claims under 28 U.S.C. §§ 1331, and may exercise supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

[2] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

also reduced from full-time employment to working two days per week. (*Id.*). When these changes were made, one of the plaintiff's coworkers stated Fox Security was trying to "get rid of" the plaintiff. (*Id.* ¶ 31.) The plaintiff refused the new assignment, and was fired on February 24, 2024. (*Id.* ¶¶ 33, 35). One of the plaintiff's superiors at Fox Security (and the owner's brother) allegedly told one of the company's clients, LSG, that the plaintiff was fired for sexual harassment. (*Id.* ¶ 47).

Fox Security moves to dismiss, arguing that the facts as alleged do not provide an adequate basis "for inferring that the adverse actions were due to his race." (R. 18 at 4). The company also argues that the FAC fails to adequately detail the underlying facts for the plaintiff's defamation claims. (*Id.* at 5.) The plaintiff opposed, (R. 24), and Fox Security did not reply, (*see* R. 21 (providing that any reply-in-support of Fox Security's motion was due on or before October 16, 2024).)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). To overcome a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raises the right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *In re Abbott Labs. Derivative S'holder Litig.*, 325 F.3d 795, 803 (7th Cir. 2003).

To state a claim for discrimination under Title VII, the plaintiff need only allege that "[Fox Security] instituted a (specified) adverse employment action against [him] on the basis of [race]." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). The FAC satisfies these standards. The plaintiff alleges that, while employed at Fox Security, the company did not hire non-African American employees, (FAC ¶¶ 20–25), and his supervisor expressed a desire to avoid "outsiders" "messing up what we have," (*id.* ¶ 26). The same supervisor is alleged to have told the plaintiff not to make her comment "a racial thing." (*Id.* ¶ 27.) The FAC also details how the plaintiff was told by a coworker that the company was trying to "get rid of" him and how the plaintiff's work conditions and hours were altered unfavorably. (*Id.* ¶¶ 31, 32). The FAC further alleges that the defendant made the change to the plaintiff's work location "to replace him with an "African American employee." (*Id.* ¶ 30.) Taken together, and drawing all reasonable inferences in the plaintiff's favor, his allegations are sufficient to support a plausible inference that Fox Security desired a racially homogeneous workforce and forced the plaintiff out of the company because of his race.

Second, the plaintiff's defamation claims are adequately detailed to survive a motion to dismiss. Defamation requires pleading that the defendant published "unprivileged communication of a false statement caused him harm." *Lott v. Levitt*, 556 F.3d 564, 568 (7th Cir. 2009) (citation omitted). Some statements are "so obviously harmful

that injury to the plaintiff's reputation can be presumed," otherwise known as *per se* defamation. *Id.* Included in this category are accusations of "adultery or fornication," "statements imputing an inability to perform or want of integrity in performing employment duties" and "statements imputing a lack of ability or that otherwise prejudice a person in his or her profession or business." *Tuite v. Corbitt*, 866 N.E.2d 114, 121 (Ill. 2006). As stated, the complaint asserts claims of defamation and defamation *per se*. Fox Security argues the FAC "fails to identify who made the defamatory statement, when the alleged defamatory statement was made, the content of the actual statement made or the individual or entity to whom the statement was allegedly made." (R. 18 at 5.) But this is not a fair reading of the complaint, which alleges that the owner's brother, a supervisor at Fox Security, told a company client that the plaintiff had been fired for sexual harassment. (FAC ¶ 47.) Because the complaint alleges a defamatory statement within one of the categories of defamation *per se*, it supports an inference that the harm to the plaintiff should be presumed, and so these allegations are adequate for this stage of the litigation.

Accordingly, the defendant's Motion to Dismiss is denied.

Date: November 7, 2024

JEREMY C. DANIEL
United States District Judge